**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-23778-CIV-ALTONAGA/Goodman**

**VERBENA PRODUCTS LLC**

Plaintiff,

vs.

**SESDERMA USA LLC**, and
**SESDERMA SL**

Defendants.
________________________________/

**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Defendants Sesderma USA LLC ("Sesderma USA"), and Sesderma SL ("Sesderma") (collectively "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6), move to dismiss Plaintiff Verbena Products LLC's ("Plaintiff") Complaint [ECF No. 1] for failure to state a claim upon which relief can be granted.

## I. INTRODUCTION

Defendant Sesderma SL is a Spanish company and owner of the registered trademark ATOPISES (US Reg. No. 5079526), registered on November 8, 2016, for cosmetics, body lotion moisturizers, facial and body cream. See Defendants' Exhibit A, attached. Defendant Sesderma USA LLC is a related Florida company and exclusive licensee, importer, and distributor for SESDERMA products including the ATOPISES brand.

On September 11, 2019, Plaintiff filed its Complaint (ECF No. 1) for: (1) declaratory judgment of non-infringement of trademark; (2) false or misleading representation and unfair competition pursuant to 15 USC §1125; (3) Florida common law unfair competition; (4)

violation of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA); and tortious interferences with business relationship. However, Plaintiff's claims are insufficiently pled and should thus be dismissed.

**II. FACTS**

Defendants have advertised and sold several SESDERMA products on Walmart, including ATOPISES, since 2015. Sesderma's products are in compliance with all federal laws including Food and Drug Administration (FDA) rules. Defendant Sesderma SL, as the parent company, has strict compliance with FDA standards with regard to quality control for products sold in the United States.

In early August 2019, Sesderma USA discovered that Plaintiff, as seller "Beautyvice", was selling ATOPISES branded products on Walmart without Defendants' authorization. Sesderma USA, through its manager Juan Acosta, proceeded in validating its client database and found that neither Beautyvice nor Verbena Products LLC appeared as clients of Sesderma USA. Subsequently, Sesderma USA's personnel attempted to contact the seller Beautyvice without success. Mr. Acosta visited Plaintiff's website www.beautyvice.com to obtain Beautyvice's contact information and Sesderma USA's personnel called several times to the number listed on the contact page (888-909-9950) and left several messages for Plaintiff. Plaintiff never returned the calls.

After 72 hours without obtaining a response from Plaintiff, Mr. Acosta decided to place an order to verify the authenticity of the product. Mr. Acosta received the product purchased from Plaintiff bearing the mark ATOPISES—attached as Exhibit 2. Upon inspecting the products, Defendants' and Plaintiff's ATOPISES products are materially different.

Initially, Defendants suspected that the products were counterfeit. Defendants had to combat a counterfeit case in China in March 2019. Because Defendants never obtained a response from Plaintiff, Defendants finally reached out to Walmart. Using Walmart's "IP Claim Form", Defendants notified Walmart that Sesderma SL is the lawful owner of the ATOPISES mark (US Reg. No. 5079526) and reported seller Beautyvice for infringement. Customers do not have access the Walmart IP claim reports. There have been no other actions taken by Defendants except this communication to Walmart. And, it is this communication that appears to be what Plaintiff has categorized as "comments" in its Complaint. See Complaint (ECF No. 1), at 6.

**III. ARGUMENT**

In order to survive a dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 requires that a complaint provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A*., 534 U.S. 506, 512 (2002). This pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal,* 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (alteration added; citing *Twombly*, 550 U.S. at 556).

### A. FALSE ADVERTISING UNDER SECTION 43(A)(1)(B)

Plaintiff has alleged that Defendants:

- "made false and misleading comments in commerce relating to Plaintiff's Accused Listing." See Complaint (ECF No. 1), at 6.
- The alleged comments refer to the "submission of the takedown notice to Walmart relating to the Accused Listing." *Id.,* at ¶¶ 19-20.

Plaintiff has not pled any other "false or misleading representations of fact," or any other conduct by Defendants. Plaintiff's remaining allegations are naked assertions that are simply legal conclusions or bare recitals of the prima facie test for false advertising. Plaintiff's claim under the Section 43(a) of Lanham Act is insufficiently pled because the Complaint does not allege (1) that Defendants advertised or promoted their goods or services in any of the alleged communications; (2) that any unlawful speech was sufficiently widely disseminated to constitute commercial advertising; or (3) sufficient facts to plead a false or misleading representation of fact.

A claim for false advertising under 15 USC §1125(a) requires: (1) defendant's advertisements are false or misleading; (2) the advertisements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on purchasing decisions; (4) the misrepresented advertisements affect interstate commerce; and (5) plaintiff has been or are likely to be injured as a result of the false advertising." *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.,* 299 F.3d 1242, 1247 (11th Cir. 2002). Speech constitutes commercial advertising or promotion when it is:

> (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services. While the representations need not be made in a 'classical advertising campaign,' but may consist instead of more informal types of 'promotion,' the

> representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry.

*Suntree Techs., Inc. v. Ecosense Int'l, Inc.,* 693 F.3d 1338, 1349 (11th Cir. 2012)(quoting *Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics*, 859 F.Supp. 1521 (S.D.N.Y.1994)); *see also Futuristic Fences, Inc. v. Illusion Fence Corp.,* 558 F. Supp. 2d 1270, 1279 (S.D. Fla. 2008).

Here, Defendants' alleged "comments" to do not constitute commercial speech as a matter of law. Plaintiff has made any allegations indicating that Defendants' comments were used as a sales or marketing tool. In fact, Defendants' comments were simply an attempt to protect its legal rights, which Defendants believed were being infringed. Defendants' comments should not constitute commercial speech because their purpose was "to inform the recipients of allegations of infringement, to give them a chance to discontinue the infringing activity, and to protect the sender's legitimate legal rights." *Futuristic Fences,* 558 F. Supp. 2d at 1281 (S.D. Fla. 2008)(finding that cease and desist letters did not constitute commercial speech); *see also Avery Dennison Corp. v. Acco Brands, Inc.,* No. CV99-1877DT(MCX), 2000 WL 986995, at *8 (C.D. Cal. Feb. 22, 2000)(same).

Furthermore, Plaintiff has not set forth any factual allegations that Defendants' comments were disseminated to consumers since Plaintiff's only allegation as to Defendants' conduct is that it submitted a takedown notice to Walmart. The plaintiff must allege both "(1) who comprises the relevant purchasing public and (2) how many consumers within the relevant purchasing public received the advertisement." *Ameritox, Ltd. v. Millennium Labs., Inc*., No. 8:11-CV-775-T-24-TBM, 2012 WL 33155, at *2 (M.D. Fla. Jan. 6, 2012); *Minsurg Int'l, Inc. v. Frontier Devices, Inc.*, 2011 WL 1326863 at *4 (M.D.Fla. Apr.6, 2011) (dismissing a false advertising claim because plaintiff failed to allege "to whom the false advertisements were

made" and "the alleged breadth of the dissemination"); *Infection Prevention Tech., LLC v. UVAS, LLC*, 2011 WL 4360007 at *22 (E.D.Mich. July 25, 2011) (dismissing a false advertising claim because plaintiff failed "to plead the relevant market," including "how many consumers in the relevant purchasing public" were contacted). The Complaint is thus also insufficient because fails to allege that Defendants' alleged comments were sufficiently disseminated to the relevant purchasing public.

Additionally, Plaintiff has not alleged any facts showing why Defendants' alleged comment (the takedown notice) is untrue or misleading. Defendants' takedown notice informed Walmart that Sesderma SL is the owner of the ATOPISES mark. Plaintiff has not set forth any facts indicating why or how this is untrue or how Plaintiff's conduct does not constitute infringement.

### B. SUPPLEMENTARY CAUSES OF ACTION

If this case is dismissed for failure to state a federal cause of action, then the supplementary jurisdiction also fails because there is no allegation of diversity jurisdiction or any other federal question jurisdiction basis.

## IV. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court dismiss the Complaint based on Plaintiff's failure to state a claim upon which relief can be granted.

Dated: October 3, 2019

Respectfully submitted,

/s/ Jesus Sanchelima
Jesus Sanchelima, Esq. (Fla. Bar No. 231207)
jesus@sanchelima.com
Christian Sanchelima, Esq. (Fla. Bar No. 107751)
Email: chris@sanchelima.com
Sanchelima & Associates, P.A.
235 S.W. Le Jeune Road
Miami, Florida 33134
Telephone: (305) 447-1617
Facsimile: (305) 445-8484
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Jesus Sanchelima
Jesus Sanchelima, Esq.

**SERVICE LIST**
**VERBENA PRODUCTS LLC versus SESDERMA SL et al**
**Case No. 19-23778-CIV-ALTONAGA/Goodman**
**United States District Court, Southern District of Florida**

Rafael A. Perez-Pineiro
Richard Guerra
The Brickell IP Group PLLC
1101 Brickell Avenue
South Tower, Suite 800
Miami, FL 33131
305-728-8831
Fax: 305-428-2450
Email: rperez@brickellip.com
Email: rguerra@brickellip.com
*Counsel for Plaintiff*