UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:19-23778-CIV-ALTONAGA/Goodman

VERBENA PRODUCTS LLC d/b/a BEAUTYVICE,
a Florida limited liability company,

        Plaintiff,

v.

SESDERMA USA LLC,
a Florida limited liability company;
SESDERMA, S.L.,
a foreign limited liability company,

        Defendants.
_____/

## AMENDED COMPLAINT

Plaintiff Verbena Products LLC d/b/a Beautyvice ("Beautyvice") for its Amended Complaint against Defendants Sesderma USA LLC and Sesderma, S.L. (collectively, "Sesderma"), hereby alleges as follows.

### NATURE OF THE ACTION

1.    This is an action for declaratory relief seeking an order declaring that Plaintiff does not infringe Defendants' asserted and purported trademark. This is also an action under 15 U.S.C. § 1125, and state statutory and common law, for Defendants' unfair competition and deceptive trade practices. This is also an action against Defendants for tortiously interfering with Plaintiff's business relationships and for defamation.

### PARTIES

2.    Plaintiff Beautyvice is a limited liability company organized and existing under the laws of the State of Florida and maintains a principal place of business in Coral Gables,

Florida.

3. Upon information and belief, Defendant Sesderma USA LLC, Inc. is a Florida limited liability company and maintains a principal place of business in Miami, Florida.

4. Upon information and belief, Defendant Sesderma, S.L. is a foreign limited liability company and maintains a principal place of business in Valencia, Spain.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's declaratory relief claims under 28 U.S.C. §§ 2201 and 2202. This Court also has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff's claims for unfair competition pursuant to 15 U.S.C. § 1125(a) arise under the laws of the United States. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. This Court has personal jurisdiction over Defendants because Defendants have a continuous, systematic, and substantial presence within this Judicial District including by selling and offering for sale products bearing the trademark at issue in this Judicial District and because Defendants' actions caused harm to Plaintiff in this state and Judicial District.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b)(1) & (2) and by Plaintiff's choice of venue.

## GENERAL ALLEGATIONS

### Plaintiff's Walmart Listing and Related Products

8. On or about 2015, Walmart opened its on-line marketplace to third-party sellers

by inviting selected third-party sellers to participate in the new marketplace.

9. Beautyvice was one of these first third-party sellers invited to participate in Walmart's online marketplace.

10. Listing on the Walmart marketplaces has since become a relationship driven endeavor between sellers like Beautyvice and Walmart.

11. Over time, Walmart's internally graded metrics will drive and determine the success of any third-party seller on Walmart's marketplace platform.

12. Upon information and belief, Walmart considers several factors in assigning product sales visibility on its marketplace, including shipment speeds, returns, direct buyer feedback, and buyer and brand owner complaints relating to alleged intellectual property violations.

13. Upon information and belief, Walmart will reward and penalize third-party sellers by increasing and decreasing the visibility of their offerings to customers shopping on the Walmart marketplace platform.

14. For example, a seller such as Beautyvice with an impeccable complaint history and a stellar positive seller feedback will enjoy higher product offering visibility than other third-party sellers who have experienced negative seller feedback and/or reported intellectual property violations.

15. When this delicate business condition is disturbed by way of customer service erosion or unfounded and maliciously claimed intellectual property violations by brand owners, the entire seller-Walmart dynamic is degraded.

16. As set forth below, Defendants actions have thus caused customer visibility of products offered by Beautyvice to drop in rank and be replaced by third-party sellers with higher

performance ranks.

17. If Defendants actions continue, Beautyvice's sales will continue to decline and its account will be flagged, stricken, or suspended as an intellectual property offender.

18. From 2015 to the present, Beautyvice has sold only genuine products through its Walmart marketplace listings, including but not limited to the genuine products sold under the following Walmart marketplace listing (the "Accused Listing"):

- Item ID: 829843521 - Sesderma Atopises Body Lotion Milk, 13.53 Fl Oz

**Plaintiff's Lawful Sales of Defendants' Products**

19. Upon information and belief, Defendants produce SESDERMA products including ATOPISES branded products.

20. Defendants are competitors of Plaintiff in the field of beauty products.

21. Plaintiff lawfully purchased SESDERMA and ATOPISES products which it later offered for re-sale on the Walmart marketplace.

22. No contract exists between Defendants and Plaintiff concerning Plaintiff's re-sale of Defendants' products in the United States.

23. When Defendants first sold their products, they did not retain ownership of those particular products. Once Plaintiff lawfully purchased Defendants' products, Plaintiff owned the products. Thereafter, Plaintiff lawfully re-sold the products under the first sale doctrine.

**Defendants' Unlawful Conduct**

24. On August 13, 2019, Beautyvice received a notice from Walmart informing Beautyvice that the Accused Listing was removed from the Walmart marketplace. A true and correct copy of the notice is attached hereto as **Exhibit A**. Upon information and belief, the notice was generated as a direct result of Defendants' submission of a takedown notice to

Walmart relating to the Accused Listing.

25. The August 13, 2019 notice stated that the Accused Listing was removed because the mark "ATOPISES is trademarked by SESDERMA." The notice further stated that "if you would like to relist the removed item, please do so using content that does not infringe on a brand's trademark. Additional violations may result in sanctions placed on your account." *See* Ex. A.

26. Defendants alleged infringement of its mark even though Plaintiff lawfully purchased and re-sold the ATOPISES products under the first sale doctrine.

27. The allegations of infringement in the August 13, 2019 notice are false, and Defendants knew or should have known upon submitting the notice to Walmart that the statements contained therein were false. As a result of Defendants' takedown notice to Walmart, Plaintiff's product was removed from the marketplace thereby causing lost sales and damage to Plaintiff's business.

28. Upon information and belief, in the IP Claim Form of infringement Defendants submitted to Walmart (the "Notice"), Defendants represented under penalty of perjury that they had a good faith belief that Plaintiff's listings infringed Defendants' trademarks, and that all of the information contained in the Notice was accurate. Submission of this type of Notice constitutes a notification of infringement under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512.

29. Upon information and belief, upon submitting the Notice to Walmart, Defendants did not have a good faith belief that the products offered for sale in the Accused listing infringed Defendants' trademark. The Notice contained false statements and misrepresentations concerning infringement. Defendants knew or should have known the Notices contained false

statements and misrepresentations concerning infringement.

30. The products offered for sale complained of in the Notice were ATOPISES products which Plaintiff lawfully purchased and re-sold in the United States pursuant to the first-sale doctrine.

31. The Accused Listing complained of in the Notice did not infringe Defendants' trademarks, or any other rights of Defendants.

32. But for Defendants' misrepresentations concerning alleged infringement in the Notice, Walmart would not have removed the Accused Listing

33. Accordingly, on August 16, 2019, undersigned counsel sent an email communication to counsel of record before the United States Patent and Trademark Office ("USPTO") for the mark ATOPISES, and stated as follows:

> We represent the interests of Walmart Marketplace seller, Beautyvice. Our client recently received the following notice from Walmart, stating that Walmart has received a report from Sesderma that one of our client's listings has been removed as a result of Sesderma's purported rights in the ATOPISES mark. We are contacting you because you are identified as counsel of record before the USPTO for the ATOPISES registration.
>
> If you are representing Sesderma's interests in connection with this matter, please note that, because Sesderma's notice is directly impacting our client's listings on Walmart Marketplace, and because there is no support whatsoever for the contention that the products associated with this listing somehow infringe in the ATOPISES mark, we request that you immediately (i.e., within five (5) business days) communicate to Walmart Marketplace that the notice relating to our client's listing was issued in error. If this listing is not immediately reinstated, our client is prepared to pursue all available remedies as a result of any unsupported and illegal notices your client has directed towards Walmart Marketplace, including but not limited to tortious interference with our client's business relationships, trademark misuse, and violations of federal and state unfair competition laws.

A true and correct copy of undersigned counsel's August 16, 2019 email is attached hereto as **Exhibit B**.

34. Not having received a substantive response from Defendants' counsel, on August

6

26, 2019, undersigned counsel sent the same communication set forth above directly to Defendants' principal, Gabriel Serrano. A true and correct copy of undersigned counsel's August 26, 2019 email is attached hereto as **Exhibit C**.

35. Neither Plaintiff nor undersigned counsel received any response from Defendants regarding the communication on August 26, 2019.

36. As of the date of this Amended Complaint, the Accused Listing has not been reinstated on the Walmart marketplace.

37. As a direct result of Defendants' unsupported accusations and notice to Walmart, Plaintiff's listings on the Walmart marketplace have been negatively affected.

38. As a result of Defendants' actions, Plaintiff has expended time and resources, has lost sales, and is unable to continue to sell its products on Walmart under the Accused Listing. Plaintiff has also suffered damage to its reputation as a top-rated seller on Walmart. For example, and among other damages, the termination of the Accused Listing damaged Plaintiff by causing Walmart to place Plaintiff's product listings at the back of the search query list for Plaintiff's products, thereby making Plaintiff's products more difficult to find and resulting in damage to its reputation as a popular and trusted seller of beauty and skin care products. As a result of the terminated listing, Plaintiff expended time and resources to improve its online visibility and reputation and return its listings to the top of the search results.

39. Plaintiff is informed and believes, and thereon alleges, that Defendants' wrongful acts alleged in this Amended Complaint are willful and deliberate.

40. Defendants' wrongful acts alleged in this Amended Complaint have caused damage to Plaintiff in an amount to be determined at trial, and such damages will continue to increase unless Defendants are enjoined from their wrongful actions and infringement.

41. Defendants' wrongful acts alleged in this Amended Complaint have caused Plaintiff to suffer irreparable injury to its business.

42. Plaintiff will continue to suffer substantial loss of goodwill and reputation unless and until Defendants are enjoined from their wrongful actions complained of herein.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK

43. Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-42 above.

44. Defendants have asserted claims against Plaintiff for purported infringement of Defendants' purported trademark rights in the products associated with the Accused Listing.

45. Plaintiff contends that it has never infringed on any of Defendants' purported trademarks, and in particular, its purchase and resale of products associated with the Accused Listing are lawful under the first-sale doctrine.

46. Defendants requested removal of Plaintiff's products associated with the Accused Listing or otherwise complained to Walmart about the alleged infringement.

47. Plaintiff continues to attempt to sell its products. Defendants have already caused the removal of the Accused Listing.

48. Upon information and belief, Defendants plan to continue to interfere with Plaintiff's business in the aforementioned manner for the indefinite future.

49. Plaintiff seeks to sell its products on Walmart and elsewhere on the Internet, but as a result of Defendants' actions, is unable to do so. As a result, Plaintiff continues to lose profits and suffer damage to its business and reputation.

50. As a result of Defendants' assertion of claims against Plaintiff for infringement of their purported trademark rights, there is a definite and concrete dispute, touching the legal

relations of the parties to this action.

51. There is a real and actual controversy between Plaintiff and Defendants regarding whether the continued sale of Plaintiff's products is lawful or whether it infringes Defendants' rights, and whether Plaintiff has engaged in selling illegal products, which Plaintiff has not done.

52. Plaintiff therefore seeks an order declaring that Plaintiff does not infringe Defendants' purported trademark rights.

### COUNT II
### FALSE OR MISLEADING REPRESENTATION AND UNFAIR COMPETITION PURSUANT TO 15 U.S.C. § 1125

53. Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-42 above.

54. This is a claim for false or misleading representation of fact and unfair competition under 15 U.S.C. § 1125(a).

55. Plaintiff and Defendants compete in the beauty and skin care products industry.

56. Plaintiff has a commercial interest in its commercial and business reputation.

57. Plaintiff has established a business reputation as a popular and trusted seller of beauty and skin care products on Walmart's online marketplace.

58. Defendants have knowingly made false, misleading, and defamatory statements in commerce through the Notice to Walmart of infringement relating to the products associated with Plaintiff's Accused Listing. These statements actually deceived Walmart and are likely to deceive and confuse the public (*i.e.*, Walmart's marketplace users) into believing that Plaintiff's products are counterfeit, thereby materially effecting their decision and ability to purchase Plaintiff's products.

59. Defendants' takedown Notice was designed to advance their business interests by

removing Plaintiff's listings from the Walmart marketplace thereby increasing Defendants' market share of customers interested in purchasing Defendants' product.

60.     Defendants' false and misleading representations were sufficiently disseminated to actual and prospective customers by way of the Notice to Walmart so as to constitute advertising.

61.     Defendants' false and misleading representation of Plaintiff's alleged infringement has misled, confused and deceived customers and prospective customers as to Plaintiff's reputation. Further, these misrepresentations have the capacity to continue misleading, confusing, and deceiving Plaintiff's customers and prospective customers.

62.     The false and misleading representations had a material effect on Plaintiff's customers' and prospective customers' decisions to do business with Plaintiff because as a result of Defendants' Notice, Walmart has replaced customer visibility of products offered by Beautyvice with those offered by third-party sellers with higher performance ranks.

63.     Defendants have made these false and misleading representations in interstate commerce and these false and misleading representations affect interstate commerce.

64.     Plaintiff is informed and believes, and thereon alleges, that Defendants had actual knowledge that Defendants had no support whatsoever for the takedown notice that Defendants submitted to Walmart in connection with the Accused Listing, and Defendants acted with the intent that the Accused Listing be removed from the Walmart marketplace prohibiting consumers from purchasing Plaintiff's products in an effort to gain more market shares by forcing consumers to purchase the ATOPISES branded products directly from Defendants. By eliminating the secondary market created by Plaintiff, Defendants obtained an economic advantage by direct sales that would have otherwise gone to the secondary market to their

"authorized" channels of distribution.

65. Plaintiff's injuries fall within the zone of interest protected by the Lanham Act because Defendants' false advertising and disparaging misrepresentations have caused Plaintiff to suffer a loss of goodwill, a loss of sales, and damage to its commercial and business reputation.

66. Defendants' wrongful acts as alleged in this Amended Complaint constitute false or misleading representation of fact and unfair competition under 15 U.S.C. § 1125(a).

67. The damage to Plaintiff's economic and reputational injuries were directly caused by Defendants' false and misleading representations.

68. As a direct and proximate result of Defendants' actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

69. As a direct and proximate result of Defendants' actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

70. Defendants will continue their actions, constituting false or misleading representation of fact and unfair competition, unless enjoined by this Court.

## COUNT III
### UNFAIR COMPETITION PURSUANT TO THE FLORIDA COMMON LAW

71. Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-42 above.

72. This is a claim for unfair competition, arising under the common law of the State of Florida.

73. By reason of all of the foregoing, Defendants, as a market competitor of Plaintiff,

engaged in deceptive conduct by disseminating false and misleading representations that Plaintiff illegally sold the products associated with the Accused Listing and infringed on Defendants' purported trademarks.

74. Defendants' conduct caused consumer confusion because it had a material effect on Plaintiff's customers' and prospective customers' decisions and ability to purchase Plaintiff's products or do business with Plaintiff.

75. As a result of Defendants' unfair competition, Plaintiff's customers and prospective customers were actually deceived or are likely to deceived and confused into believing that Plaintiff's products are counterfeit.

76. As a direct and proximate result of Defendants' actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

77. As a direct and proximate result of Defendants' actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

78. Defendants will continue their actions, constituting false or misleading representation of fact and unfair competition, unless enjoined by this Court.

**COUNT IV**
**VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

79. Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-42 above.

80. This is a claim for violation of the Florida Deceptive and Unfair Trade Practices Act under Chapter 501 of the Florida Statutes.

81. By reason of the foregoing, Defendants' actions actually deceive or are likely to

deceive and mislead the public into believing that the products associated with Accused Listing are counterfeit and/or that Plaintiff is engaging in the sale of counterfeit products.

82. By reason of the foregoing, Defendants' actions constitute willfully unfair and deceptive conduct in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq*. and unfair competition under Florida common law.

83. By reason of the foregoing, Plaintiff is being irreparably damaged by Defendants' activities in the manner set forth above and will continue to be irreparably damaged unless Defendants are enjoined from the aforesaid acts. Plaintiffs have no adequate remedy at law.

## COUNT V
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

84. Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-42 above.

85. Through its listings, Plaintiff maintained a business relationship with Walmart and customers that purchased products through the Walmart marketplace.

86. Defendants had knowledge of these business relationships.

87. Defendants intentionally and unjustifiably interfered with these business relationships by submitting a false and unsupported takedown Notice to Walmart containing false allegations of infringement relating to Plaintiff's Accused Listing.

88. Defendants' conduct caused Walmart to remove the Accused Listing and penalize Beautyvice for the alleged intellectual property violation by reducing Plaintiff's product sales visibility on Walmart's marketplace.

89. Plaintiff has been damaged in that Defendant's conduct has resulted in lost profits and other damages to Plaintiff, and Plaintiff will continue to be damaged unless Defendants are enjoined from continuing their wrongful conduct.

90.     As a result of Defendants' tortious interference with Plaintiff's existing business relationships, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT VI
## DEFAMATION

91.     Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-42 above.

92.     Through its submission of its takedown notice to third party Walmart, Defendants published a false statement about the Plaintiff.

93.     Defendants' libelous writings are defamation *per se* because they tend to subject Plaintiff to distrust, ridicule, contempt, and disgrace, and are injurious to Plaintiff's trade and professional reputations.

94.     Defendants knew or should have known that the statements made to Walmart about Plaintiff would cause severe damage to Plaintiff's reputation, business opportunities, social relationships, career, and business.

95.     The false and defamatory statements were made by Defendants with actual malice because they either knew of their falsity or made the statements with reckless disregard of their truth or falsity.

96.     In making the defamatory statements, Defendants acted intentionally, maliciously, willfully, and with the intent to injure Plaintiff.

97.     Plaintiff has been harmed by the loss of the economic value in goodwill and the reputation it has built over his many years as a seller on Walmart's online marketplace.

98.     As a result of Defendants' publication to a third party of a false statement about Plaintiff, Plaintiff has suffered damages in an amount to be determined at trial.

**DEMAND FOR RELIEF**

Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor on Counts I and VI of its Amended Complaint against Defendants, and grant Plaintiff the following relief:

A.   An order declaring that Plaintiff does not infringe any purported trademark rights owned by Defendants and associated with the products sold or offered for sale under the Accused Listing.

B.   That Defendants and their agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendants, be temporarily, preliminarily, and permanently enjoined and restrained from engaging in, and assisting or inducing, directly or indirectly, others to engage in the following activities: 1) unfairly competing with Plaintiff in any manner whatsoever; 2) making false or misleading representations relating to Plaintiff's products; and 3) causing a likelihood of confusion or injuries to Plaintiff's business reputation.

C.   That Defendants be required to account to Plaintiff for any and all profits derived by their acts of false or misleading representation of fact, unfair competition, and tortious interference complained of in this Complaint.

D.   An award to Plaintiff against Defendants of such punitive damages as are appropriate in view of Defendants' willful conduct and bad faith.

E.   An award to Plaintiff of the costs in this action including Plaintiff's reasonable attorneys' fees.

F.   That this Court enter a judgment that this is an exceptional case and award Plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

G.   An award of pre-judgment and post-judgment interest and costs of this action against Defendants.

H.   An award of taxable costs.

I.   Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury in this action of all issues and claims triable by right of jury.

Date:   October 17, 2019

Respectfully submitted by,

THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue
South Tower, Suite 800
Miami FL, 33131
Tel: 305-728-8831
Fax: 305-428-2450

By:   s/ Richard Guerra_____
Richard Guerra
Fla. Bar No. 689521
Email: rguerra@brickellip.com
Rafael Perez-Pineiro
Fla. Bar No. 543101
Email: rperez@brickellip.com
Nicole Fundora
Fla. Bar No. 1010231
Email: nfundora@brickellip.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF notice on October 17, 2019 on all counsel or parties of record on the Service List below.

s/ Richard Guerra_____
Richard Guerra

## SERVICE LIST

SANCHELIMA & ASSOCIATES, P.A.
Christian Jay Sanchelima
Email: chris@sanchelima.com
Jesus Sanchelima
Email: jesus@sanchelima.com
235 S.W. LeJeune Road
Miami, FL 33134
Telephone: (305) 447-1617
Facsimile: (305) 445-8484
*Counsel for Defendants*